LAVINA FOSTER ET AL., PLAINTIFFS IN ERROR, V. ROBERT FROST, DEFENDANT IN ERROR.

LAVINA FOSTER ET AL., PLAINTIFFS IN ERROR, V. JAMES DEVENNEY, DEFENDANT IN ERROR.

Liquors: LICENSE: PETITION. Where, in an application to a city council for license to sell intoxicating liquors, a member of the council signs the petition therefor, as a resident freeholder of the ward in which the license is to be granted, such councilman will be thereby disqualified from voting upon the question of granting or refusing the license.

ERROR to the district court for Johnson county. Tried below before BROADY, J.

*S. P. Davidson,* for plaintiffs in error, cited : *Vander-lip v. Derby,* 19 Neb., 167. *State v. Weber,* 20 Neb., 471, 472. *State v. Comrs. Cass Co.,* 12 Neb., 54.

*A. M. Appelget* and *D. F. Osgood,* for defendants in error, cited: *Small v. Orne,* 79 Me., 78. Sec. 3, Chap. 50, Compiled Statutes. *Corbett v. Duncan,* 63 Miss., 84.

REESE, CH. J.

Defendants in error, James Devenney and Robert Frost, each for himself presented to the city council of the city of Tecumseh a petition for a license to sell intoxicating liquors in the first ward of said city. A protest and remonstrance was also presented in each case, signed by twenty-two remonstrants, and a time was fixed for hearing the petitions. At the time designated the parties appeared before the city council, when it was agreed that both applications should be heard at the same time and upon the same evidence. A trial was had, when the remonstrances were each overruled, and licenses granted to the applicants.

An appeal was taken to the district court, where the decision of the city council was affirmed. Plaintiffs in error, who were remonstrants below, bring the cases to this court by proceedings in error. A number of questions are presented for decision, but, as we view the cases, it is necessary to decide but one.

It appears from the record that the two councilmen from the ward in which the applicants for licenses proposed to carry on business, signed both petitions for the issuance of a license. Upon the hearing before the council, the councilmen, Messrs. Grim and Bush, were present, and, so far as appears by the record, sat with the other members until the evidence was all taken, and the arguments of the attorneys for either side had been heard,

when a motion was made "that the council proceed to. overrule the remonstrance in the case of R. M. Frost," when "Councilman Grim asked to be excused from vot-ing. There being no objection, he was excused." The ayes and nays were called, resulting as follows: Hill, Harmon—nay. Bush, Pool, Zutareen—aye. Remon-. strants excepted to ruling, and pray an appeal.

We quote again from the record, as follows:

"Moved and seconded that the council overrule the remonstrance in the case of James Devenney. Council-. man Bush asked to be excused from voting. There being no objection, he was excused."

The ayes and nays were called, resulting as follows :. Hill, Harmon—nay. Grim, Pool, Zutareen—aye. Re-monstrants excepted to ruling, and pray an appeal.

It thus appears that Councilman Bush was, at his re-. quest, excused from voting upon the remonstrance against Devenney's petition, and that Councilman Grim, prompted no doubt by as high an appreciation of propriety, was, at his request, excused from voting upon the remonstrance to. Frost's application. Yet each of these gentlemen voted in. the cases in which they did not seek to be excused. A motion was then made to grant license to Frost, as prayed for by his petition, when Councilman Grim was again. excused.

Councilmen Hill and Harmon voted nay, and Council-. men Bush, Pool, and Zutareen voted aye. The same oc-curred in the vote upon the petition of Devenney, except that Councilman Bush was excused, and Councilmen Grim,. Pool, and Zutareen voted aye.

Upon a trial in the district court being had, the court found that there were thirty legal signers upon the peti-tion of James Devenney, and thirty-one upon the petition of Robert Frost, which included the two councilmen referred to, and that the petitions were signed by a suf-ficient number of qualified petitioners to authorize the. issuance of a license.

It is now contended that the court erred in including the names of Councilmen Bush and Grim, and therefore there were only twenty-nine legal signers to the petition of Frost, and twenty-eight to the petition of Devenney. While this question will not be decided, it is the opinion of the writer that in this the district court did not err. It was shown that the persons named were " resident freeholders " of the ward, and therefore came within the requirements prescribed by section one of chapter fifty of the Compiled Statutes.

It is next contended that, by reason of the councilmen having signed the petitions, and becoming parties to the proceeding, that they were thereby debarred from voting, and that their votes should not have been counted upon the question of issuing the license. This, we think, is correct, and under the ruling in *Vanderlip v. Derby,* 19 Neb., 165, *State v. Weber,* 20 Id., 472, and *State v. Kaso, ante* p. 607, the councilmen being petitioners, and having assumed the attitude of plaintiffs, they were not disinterested, and could not, therefore, act judicially in any case in which they thus were parties plaintiff. They were clearly disqualified from sitting during the trial, and from voting upon the final determination. This being true, there were two votes cast in favor of granting the licenses, and two against, and under a well settled rule of parliamentary law the motion in each case was lost. The licenses, therefore, were not granted. But it is insisted that, even were they disqualified, yet, the vote having been a tie for the granting of the license, under the rule stated in *Small v. Orme,* 79 Maine, 78, the mayor will be deemed to have voted.

This contention is not sustained by the record. There is nothing which shows an announcement of the result by the mayor, if he were present. No order was made for the issuance of the license, the record showing simply the vote. It follows that, in this respect, the learned district judge erred in his holding.

Since the decision in *State v. Kaso,* an able and exhaustive argument has been made by one of the attorneys for defendant in error, but we cannot see that the rule heretofore adopted should not be adhered to.

The judgments of the district court are reversed, the licenses vacated, and the causes remanded to that court for further proceedings in accordance with law.

JUDGMENT ACCORDINGLY.

THE other judges concur.