ANDREW E. TROTIER

*v.*

ST. LOUIS, BELLEVILLE AND SUBURBAN RAILWAY CO.

*Opinion filed June 17, 1899.*

1. REMOVAL OF CAUSES—*when interests of resident and non-resident defendants are not separable.* Interests of non-resident mortgagors and of resident mortgagees in property sought to be condemned in a proceeding to which they are all parties are not capable of separation, so as to entitle the non-residents to a removal to the Federal court.

2. HIGHWAYS—*when power to consent to construction of railway along highway rests with county board.* The power to consent to the construction of an electric railway along and upon a highway rests with the county board and not the highway commissioners, where such highway has passed under the control of the county board by reason of the location and construction of a turnpike road thereon.

3. EMINENT DOMAIN—*condemnation of highway for electric railway— what will not affect compensation to owners of fee.* Whether a turnpike company, by conveying strips of land in the highway on which the turnpike is located for the construction of an electric railway thereon, has forfeited its rights in such strips has no bearing upon the question of the amount of compensation to be paid the owners of the fee in the highway, as such strips, even if abandoned by the turnpike company, would still be part of the highway.

APPEAL from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

GUSTAVUS A. KOERNER, and VICTOR K. KOERNER, for appellant.

DILL & WILDERMAN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appeal in this case is from a judgment of the circuit court of St. Clair county in a condemnation proceeding in which appellee was petitioner. The judgment gives to said petitioner, upon payment of the compensa-

tion ascertained and reported by the jury, the right to enter upon two strips of land eight feet in width, one on each side of the macadamized portion of a public highway in the possession of the St. Clair County Turnpike Company as a turnpike road, and to construct, operate and maintain a double track electric railway on the said strips. The fee of the land in the highway was in appellant and Albert Trotier, Laura Trotier and Sarah J. Sullivan, as tenants in common, each owning an undivided one-fourth. The share of appellant was encumbered by a mortgage to Eugene Schmisseur, and that of Sarah J. Sullivan was encumbered by a mortgage made to Benjamin Boneau, and held, at the time of the proceedings, by George C. Brechnitz. All of said parties were made defendants to the petition.

Laura Trotier and Sarah J. Sullivan appeared and filed their petition and bond for the removal to the United States Circuit Court, and the petition being denied they took no further part in the cause, and now assign the ruling as error. The ground of the petition was that they were non-residents, and that there was a controversy between them and the petitioner which was separable from the interests of the other parties. Without passing on the question whether their interest would be separable under any circumstances, it is sufficient to say that the interest of Sarah J. Sullivan could not be separated from that of Boneau and Brechnitz, mortgagees of her interest, who would be entitled to the compensation up to the amount of the encumbrance and who were residents of this State. As to Laura Trotier, the petition did not show that the amount in controversy between her and petitioner exceeded the sum or value of $2000. In the petition the interests of the two were combined to make the amount exceed said sum. There was no error in denying the petition for removal.

The sufficiency of the petition for condemnation was questioned by demurrer, which was overruled. The ob-

jection argued is, that it does not sufficiently set forth petitioner's authority to evoke the power of eminent domain, nor show an attempt to agree with the defendant Andrew E. Trotier upon the compensation to be paid to him. In respect to setting forth, by reference, petitioner's authority, as required by the statute, as well as alleging the inability to agree with the resident parties, the petition is not well drawn, but we are disposed to hold it sufficient.

The question whether there had, in fact, been a sufficient attempt made to agree with the defendant Andrew E. Trotier prior to the filing of the petition, was further raised as a preliminary to calling a jury, and the objection made was overruled. The evidence on that point was, that the secretary of petitioner called upon said Andrew E. Trotier to see if they could agree upon a price to be paid for the right of way. The secretary made an offer for all the interests, and Trotier told him that he would have to see his sisters regarding it, and asked two or three days to consider. The agent came back afterward, in accordance with his request and their understanding, when the offer made was refused and Trotier named an amount which he would accept for all the interests. He assumed to act for the other owners, and after consultation with his sisters there was a failure to agree. The objection now made is that petitioner did not prove an attempt to agree with him for his undivided interest alone, but we think the evidence shows an inability to agree on such separate interest as well as the whole title. There was no offer on his part to take a proportionate share of the offer, and the offer that he made was for all the interests.

It is also insisted that it was error to call the jury, because the proposed railway was to be constructed in a public highway in Centerville Station township and the consent of the commissioners of highways of that town had not been obtained. The consent of the St. Clair

County Turnpike Company was proved, and it is said by counsel for both parties that the consent of the county board of St. Clair county was also given. St. Clair county is under township organization, and in the case of an ordinary highway the commissioners of highways of the township constitute the lawful authorities having control and jurisdiction over the highway. In the case of such a highway their consent must be obtained, or the compensation to be paid for the damage and injury to the public right for the ordinary uses of a highway must be ascertained and paid. Such consent or condemnation is made a condition of the right of a railway to intrude upon a highway at all. The highway upon which it was proposed to build this railway is a public highway, but in addition the turnpike company has an easement in it. (*Craig* v. *People*, 47 Ill. 487; *Snell* v. *City of Chicago*, 133 id. 413.) By the statute the petitioner could only construct its railway along or upon any highway, plank road or turnpike by first obtaining the consent of the lawful authorities having control and jurisdiction of the same or by condemning a joint use with the public. The property was already devoted to a public use and the authorities could not grant away the exclusive use of it, nor could it be condemned in such a way as to destroy its utility or the use of any part of it as a highway. The consent or the condemnation is upon the condition that the railway company shall restore the highway, plank road or turnpike to its former state, or to such state as not unnecessarily to have impaired its usefulness. Its use will be necessarily impaired, to some extent, by the new and additional use, which will impede and interfere with travel by compelling the public to give way to trains on the track and rendering the use less convenient and safe.

It is said that the requisite consent was given, and the dispute seems to be as to who were authorized to give such consent. The St. Clair County Turnpike Company was incorporated by act of the legislature. (Private

Laws of 1847, p. 71.) Its charter was twice amended. (Private Laws of 1857, p. 752; Private Laws of 1859, p. 726.) By the second section of the last amendment the company was made subject to the provisions of the general law relating to turnpike roads. Under such general law, if a turnpike road is proposed to be located upon a public highway the consent of the commissioners of highways of the town is required, but when it is so located it passes under the control and regulation of the county board. The entire control and jurisdiction are placed in the hands of such board, which appoints three resident freeholders of the county as inspectors of toll roads and has charge and jurisdiction over the same. The county board of St. Clair county was the lawful authority to give consent.

The turnpike company made a deed of the strips of land to Townsend, Reed & Co., who conveyed to the railroad company, and by the seventh instruction the court stated to the jury that these deeds were for the construction and operation of a railroad by electricity only, and that the making of the deed by the turnpike company was not an abandonment of its rights in the strips of land sought to be taken. The jury were empaneled to ascertain and report the compensation to be paid to the defendants, and had nothing to do with the proposition stated in the instruction. Whether the turnpike company had forfeited its rights in the highway made no difference in the amount of such compensation. But we do not see how the instruction could have affected the defendants unfavorably. Whether the turnpike company has forfeited its rights is a question between it and the public.

The defendants asked the court to instruct the jury, if they believed, from the evidence, the turnpike company had abandoned that part of the road upon which the railroad was to be constructed, the jury might take this fact into consideration in making their verdict. The instruction was refused, and this was proper, both because the

instruction proposed to leave to the jury the construction of the deed from the turnpike company, and because, if the turnpike company abandoned the road, it would still be a public highway and the amount of damage would not be affected.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*