Argued December 13, 1929; affirmed March 4, 1930

## CITY OF PORTLAND *v.* KAMM

(285 P. 236)

318

*Edgar Freed* of Portland (Simon, Gearin, Humphreys & Freed of Portland on the brief) for appellant.

*Frank S. Grant,* City Attorney, and *L. E. Latourette,* Deputy City Attorney, both of Portland, for respondent.

RAND, J.   The proceedings in which this appeal is taken were instituted by the city of Portland to appropriate for street purposes certain real property belonging to Mrs. Caroline A. Kamm.  Section 3714, Or. L., as amended by chapter 294, Laws 1925, confers upon a city or town the authority to prescribe, by its charter, the manner in which private property may be appropriated for municipal use.  Pursuant to such authority, the city charter of Portland prescribes the manner in which property may be appropriated for such use. The proceedings herein were initiated by the council in accordance with the provisions of the charter for the purpose of extending two of the city streets over Mrs. Kamm's said premises.  After notice of the time and place of hearing and of the property sought to be appropriated, she appeared before the council and objected to the establishment of the proposed streets. After hearing said objections, the council, in conformity with the power conferred by the charter, enacted an ordinance appropriating the land for a street and determining the amount of the damages and the benefits to the remainder of her premises.  She appealed therefrom to the circuit court for Multnomah county and all questions in respect thereto were heard and

determined by the court without the intervention of a jury, and, from that decision, she has appealed to this court.

One of the contentions urged upon this appeal is that there is no allegation or proof in the record of any negotiations having been entered into between the council and Mrs. Kamm, or of any attempt having been made, to agree upon the price of the land sought to be appropriated prior to the initiation of the proceedings. This, it is contended, is a requirement of the statute and is in the nature of a condition precedent to the commencement of the proceedings and the requirement not having been complied with, it is claimed, renders the entire proceedings null and void.

Statutes authorizing the condemnation of private property for a public use are wholly *in invitum* and, since they are in derogation of vested rights, must be strictly construed and proceedings taken in pursuance of them must comply strictly with all the requirements of the statute; otherwise such proceedings will be null and void: *Clark v. City of Portland,* 62 Or. 124 (123 P. 708); *Spencer v. City of Portland,* 114 Or. 381 (235 P. 279). Where either the constitution or a statute requires that an attempt to agree with the owner as to the price of the land must be made before instituting condemnation proceedings, the provision is not directory but mandatory and, unless complied with, the suit cannot be maintained. In such case, the inability to agree after an attempt so to do is made jurisdictional by the statute and must be both alleged and proved. There is, however, no such provision in our constitution nor in the charter provisions of the city of Portland. The only requirement contained in our constitution is that: ''Private property shall not be taken for public use, nor the particular services of any man be

demanded, without just compensation; nor except in the case of the state, without such compensation first assessed and tendered": Art. 1, § 18, Const. Prior to the 1925 amendment of section 3714, Or. L., which authorized the condemnation of private property for municipal use, the statute provided that, whenever the council of any incorporated city or town deemed it necessary to take private property for street purposes, the proceedings should conform to the general laws of the state and, in such proceedings, an attempt to agree with the owner as to the price to be paid was essential to the maintenance of the suit. One of the provisions contained in the statute, compliance with which was made a condition precedent to the commencement of the condemnation proceedings, was: "and the council can not agree with the owner thereof as to the price to be paid, the council may direct proceedings to be taken under the general laws of the state to procure the same." This clearly implied that, before the condemnation proceedings could be instituted, there must have been an attempt made to reach an agreement with the owner. Until amended, this requirement was mandatory. It is still mandatory where condemnation proceedings are in the nature of an action at law and are not brought under the charter provisions of an incorporated city or town. As now amended, the statute provides two methods, either of which may be followed by a city in condemning land for municipal use. If condemnation is sought by proceedings brought in the circuit court, the attempt to agree is still essential to the maintenance of the action or proceedings, but, where the second method prescribed by the amended statute is followed, all that is essential to the maintenance of the proceedings is that prescribed by the statute, namely, "a city or town may proceed to procure the

same' in the manner which is or may be provided in its charter.'' This clearly gives to a city or town having appropriate charter provisions its choice of two methods of condemning land for municipal use. The charter of the city of Portland, which has been fully complied with, did not contain any requirement that the city, before instituting the proceedings, should agree or attempt to agree with the owner as to the price to be paid and, hence, under the amended statute, no attempt to agree with the owner was necessary. A statute authorizing the condemnation of land, unless unconstitutional on other grounds, is not unconstitutional because it does not contain a provision requiring the condemner to obtain the voluntary consent of the owner or even which provides that it shall not be necessary to make an attempt to agree with the owner as to the price: *Matter of First Street,* 58 Mich. 641 (26 N. W. 159); *Matter of New York,* 41 Misc. Rep. 134, 83 N. Y. S. 951; see note 91 (b) to section 317, 20 C. J., p. 893. There is no contention, nor has it been suggested, that the charter provisions of the city of Portland authorizing the condemnation of private property for municipal use is unconstitutional upon any other ground than that now urged and, hence, we hold that neither the charter nor the statute, authorizing the city to institute condemnation proceeding without first attempting to agree with the owner as to the price to be paid, is unconstitutional because of the lack of such a provision in the charter.

The principal contention urged on behalf of Mrs. Kamm is that the property sought to be appropriated for a street consists of parts of three separate and distinct tracts; that, in the proceedings instituted, the city proceeded as if the land consisted of a single tract; that, in ascertaining the damages awarded for the tak-

ing and the benefits to be assessed against the property, she was entitled to have each tract considered separately, and that, because this was not done, the proceedings are invalid and the circuit court acquired no jurisdiction to hear and determine the matter upon the appeal from the action of the city council. The record shows that the council ascertained the damages sustained by Mrs. Kamm by the laying out of the streets over her premises in the sum of $69,358; that the proportional share of special benefits accruing to her was the sum of $44,449.86 and, after offsetting one sum against the other, awarded her damages in the sum of $24,908.14. She appealed from said award to the circuit court and, upon the appeal, the learned trial judge held that the premises consisted of but one tract only. Notwithstanding this, the court found the amount of the damages sustained separately by the three parcels or tracts of land and also the special benefits chargeable against each of said parcels or tracts and then found that the total damages were the amount of the three sums found separately, amounting to $87,626, and that the special benefits chargeable against the three tracts amounted in all to the sum of $40,875, and awarded to plaintiff, as the net damages sustained by her, the sum of $46,751 and entered its judgment accordingly.

For a better understanding of this contention, a short statement of the facts will be helpful. All the premises in controversy were formerly a part of a larger tract which was acquired many years ago by Mrs. Kamm and her deceased husband. This tract extended easterly and westerly from the east boundary of Chapman street to the west boundary of Fourteenth street. At the time the property was acquired, no streets had been laid out over the premises. Since that

time, and long prior to the commencement of these proceedings, Sixteenth and Seventeenth streets were established over the premises, which divided the property into three parts. The purpose of these proceedings was to lay out a street running easterly and westerly over each of said parcels of land, which was to be accomplished by the extension of Salmon street from its intersection with Fourteenth street to its proposed intersection with Chapman street, and also to extend Lownsdale street so as to intersect with the proposed extension of Salmon street. In its proposed course Salmon street intersects both Sixteenth and Seventeenth streets as they are laid out and established over the premises. By its extension, the remainder of the premises will be divided into seven different parcels instead of three, as formerly, and it is as to these remaining seven parcels that the court fixed the amount of damages which they would sustain and the benefits which would result to them by said extension.

Now, when can it be said that the city treated these premises as consisting of a single parcel or of three tracts? The charter provides that whenever the council deems it expedient to lay out a city street it shall, by resolution, direct the city engineer to make and file a survey and plat of the proposed street and a written report, and directs that such report shall contain a full description of the proposed street of each lot, tract or parcel of land or portion thereof to be appropriated, the amount of damages which, in the judgment of the city engineer, should be awarded, with the name of the owner or person interested therein, a description of the boundaries of the district benefited and to be assessed for the improvement, and a description of each lot, tract or parcel of land, other than the land taken, in such district, with a just assessment of bene-

fits thereto, and the report shall include a summary showing the excess of benefits and excess of damages relative to lots, tracts or parcels of land, a part of which is embraced within such proposed street, which damages and benefits may be offset pro tante, and his report shall be deemed a proposed award of damages and assessment of benefits. The charter provides for the giving of notice to the parties interested of the time and place of the hearing, and gives them an opportunity to be heard upon any objections they may have to such report and gives to the council, upon the hearing, the power to ascertain and determine what is a fair, just and proper award of damages and benefits, and to either increase or reduce the amounts found by the engineer and, when these sums have been ascertained, to pass an ordinance specifying in detail such award and assessment and of this action by the council notice to the owner or person interested must be given. The charter also provides for an appeal to be taken by any person interested to the circuit court and also provides that, where a part of a lot or tract is taken for a street and an award has been made for the part taken and an assessment made against the residue, if the award exceed the assessment, the assessment shall be canceled and the balance of the award paid, while if the assessment exceed the award, the balance shall be entered upon the lien docket, and shall be a lien upon the remainder of the tract not taken, and that when the full amount assessed as entered in the docket of city liens has been paid into the city treasury, the property shall be deemed to be appropriated for the purpose of a street and a warrant shall be drawn in favor of the owner or party interested for the amount due.

Said section 3714, Or. L., as amended, also gives a right of appeal to the circuit court from the decision of

the city council and prescribes, among other things, that: "The notice of appeal shall describe the property affected thereby and state the grounds of the appeal. These grounds of the appeal shall constitute the issues to be determined thereon."

█ In the appeal taken by Mrs. Kamm to the circuit court one of the grounds specified was that the council and city engineer wrongfully treated Mrs. Kamm's premises as consisting of a single tract. Now, under these provisions, how can it be reasonably claimed that the validity of the proceedings can be in any way affected, whether the council treated the land as consisting of one or three tracts? There is nothing in the statute or in the charter which makes the validity of the proceedings depend upon whether the premises belonging to one individual, over which a street is to be extended, consists of one tract or more, and if there was error in the council's treatment of this property as consisting of one tract only, when it consisted in fact of three tracts, the error was curable upon the appeal and could not affect the validity of the condemnation proceedings. Upon the appeal, as we have shown, the learned trial court held that the property consisted of a single tract but judicially determined the question of the amount of damages to be awarded and of the special benefits to be charged as though the property consisted of three tracts. The trial court's finding that the property consisted of but a single tract has the same force and effect as the verdict of a jury upon that question. These premises were all held under one ownership and one possession. Mrs. Kamm was the owner of that part of the premises crossed by Sixteenth and Seventeenth streets, subject only to the right of the public to pass over it. There was evidence from which the court could have found that these premises

consisted of but one tract of land or that it consisted of three separate and distinct tracts of land and, therefore, the finding of the court thereon, we assume, is binding upon this court upon this appeal. But, if we assume that the finding is not thus binding and that the circuit court was in error in determining that the property consisted of but a single tract of land, what possible difference can it make to Mrs. Kamm whether the land consists of three tracts or of one only?

"It is an established rule in law in proceedings for condemnation of land, that the just compensation which the landowner is entitled to receive for his lands and damages thereto must be limited to the tract a portion of which is actually taken. The propriety of this rule is quite apparent. It is solely by virtue of his ownership of the tract invaded that the owner is entitled to incidental damages. His ownership of other lands is without legal significance."

This principle was announced in *Currie v. Waverly & N. Y. B. R. Co.*, 52 N. J. L. 392 (20 Atl. 56, 19 Am. St. Rep. 452), and was quoted with approval in *Sharpe v. United States*, 50 C. C. A. 597 (112 Fed. 893, 57 L. R. A. 932). We think it correctly states the rule applicable here. The circuit court treated the land as if it had a double aspect; first, as consisting of three separate tracts or parcels of land, and, second, as consisting of but one tract, and found that the result was the same whether the land was treated one way or the other. This, we think, was a sufficient compliance with the requirements of the statute and of the charter. In so doing, the court found separately the compensation and damages which the city should pay for each of the three tracts and deducted therefrom the special benefits which accrued to each. In each instance, the compensation and damages exceeded the benefits; hence, the city acquired no

lien against any part of Mrs. Kamm's premises and, therefore, there was no necessity for the city to enter a lien in its lien docket against any part of the property. Under the charter provisions referred to, we think the question of whether the property consisted of but one or three tracts, when treated by the circuit court as above stated, would be material only in case the city was to acquire a lien through the assessment for special benefits against a particular tract or tracts. Under the circumstances disclosed by this record, we cannot see how that question was material here, because, in dealing with the problem, the proceedings have conformed to the provisions of the charter and Mrs. Kamm has been deprived of no substantial right. In fact, upon the argument here, there was no objection made to the amount of the award nor was it contended that Mrs. Kamm has been unjustly deprived of her property.

This case has been very ably briefed and argued by the attorneys for both parties and the argument has taken a very wide range, but, after a careful examination of all the points urged, we can find no error. Therefore, the judgment appealed from will be affirmed.

Coshow, C. J., and Rossman, J., concur.