ANNE RUTH BONZO, APPELLANT, v. LEE BONZO, APPELLEE.
292 N. W. 61

FILED MAY 4, 1940. No. 30916.

*Bernard S. Gradwohl* and *C. M. Pierson,* for appellant.

*Walker & McArthur, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

PAINE, J.

This cause is before us on motion asking this court to impose punishment for contempt for failure to comply with order of court to pay certain costs of appeal, or to reverse the judgment.

On November 22, 1939, a decree of divorce was granted to the plaintiff, but the custody of the two sons was granted to the defendant. Alimony payments, limited to $30 a month for 12 months, were awarded the plaintiff.

The plaintiff specifically appeals from that part of the decree granting her alimony of but $30 a month for 12 months, and from that provision of the decree granting to the father the custody of the two boys, Lee, born June 6, 1929, and James, born October 14, 1930. The motion for new trial sets out many errors. Appellant gave bond for $75. The transcript was filed in this court February 5, 1940, together with a motion for temporary support, and the following items of costs: Filing motion for new trial, 50 cents; notice of appeal, 50 cents; bill of exceptions, approximate cost of $120; transcript, $7.50; cost of appeal bond, $10; filing bond, $1; filing fee in supreme court, $20; cost of printing appellant's briefs, $50; total, $209.50.

On March 2, 1940, the supreme court directed appellee to pay the sum of $125 to the clerk of the district court "to cover the cost of the bill of exceptions and briefs of appellant."

On March 4, 1940, appellant filed motion for extension of brief day.

On April 15, 1940, Walker & McArthur filed brief of appellee showing that he is financially unable to raise the amount of $125.

The affidavit of Bess A. Richards, court reporter, dated April 11, 1940, is to the effect that the trial occurred on September 11, 12 and 13, 1939, and that, by hiring extra help, she could, if the bill of exceptions was ordered by April 15, have completed same by April 18, and that the cost would be $120.

An affidavit of Mrs. Forrest Gibbs says that on or about August 1, 1939, she has reason to believe Lee Bonzo termi-

nated his employment with Roberts Dairy Company, for the purpose of defeating the plaintiff's appeal, and said that he would never pay plaintiff any alimony.

An affidavit of R. L. Lingle is to the effect that, upon order of E. J. Sias, president of Lincoln Airplane & Flying School, he had locked the door to the office, and would not permit said Lee Bonzo to enter his office, where he had been employed, and has not been employed there since.

In answer and resistance to citation for contempt, Lee Bonzo, defendant and appellee, admits that the court made order March 2, 1940, requiring him to pay $125 for cost of bill of exceptions and briefs in this case, and that he had no money when the order was entered; that he has at all times intended to comply with said order; that appellee has in no manner wilfully or contumaciously refused to pay said sum.

Appellee further states that during February and March, 1940, he has earned only an average of $35 a month, which he has used in support of his two sons and himself; that he has diligently tried to find other employment, and has failed. He alleges that the only property he has to secure funds is a 1931 Model-A Ford automobile; that it is worth only $60, and he must use it in connection with his little acreage.

The appellant sets out the following facts in her affidavit: That the appellee stated to her that if she began divorce proceedings she would never receive one penny from him; that he would terminate his employment, so she could not collect a cent, and that no American court was smart enough to force him to make any payment to her; that she has only received four payments of $5 each as temporary support money; that he received about $100 a month from Roberts Dairy Company, and terminated his employment on the day suit was filed.

It appears that, since the court directed payment of $125, his other job has been discontinued.

The transcript shows that the decree was entered by the district court on November 22, 1939, and the motion for new trial was overruled on December 2, 1939.

Section 20-1140, Comp. St. 1929, permits the district judge

to allow an extension of an additional 40 days from the adjournment of the term of court in which to serve bill of exceptions.

In the case of *In re Estate of Boschulte,* 128 Neb. 316, 258 N. W. 530, this court said: "*Held,* that under section 20-1140, Comp. St. 1929, a trial court is authorized, upon a satisfactory showing of diligence, to enter an order for additional time, not exceeding a total of 80 days from the adjournment *sine die* of that term of court, for the service of the bill of exceptions upon the adverse party, and that such order may be made during such additional time allowed, and after the first 40 days have expired."

In the case of *Scotts Bluff County v. McHenry,* 128 Neb. 613, 259 N. W. 754, this court held that the time for serving the bill of exceptions under any circumstances expires and a court is without jurisdiction to settle the same after 100 days.

It has been held that a court should grant a new trial where a party has been deprived of a bill of exceptions by reason of the inability of the court reporter to furnish the same in time. *Mathews v. Mulford,* 53 Neb. 252, 73 N. W. 661.

A somewhat similar situation is well stated in 17 Am. Jur. 460, sec. 584, which says: "Where the husband is the complainant in a divorce action and the court has made an order requiring him to pay the wife's costs of counsel fees, his suit may be abated until he complies with the order."

In *Brown v. Brown,* 51 L. R. A. n. s. 1119 (22 Wyo. 316, 140 Pac. 829), it was held: "The remedy for failure of one who, having appealed from a decree of divorce, fails to comply with an order requiring payment of his wife's attorneys' fee, is not a proceeding to punish for contempt, but a dismissal of the appeal."

It is insisted that appellee be committed to jail for contempt of court in failing to comply with the order of this court. Under the circumstances, because 100 days have passed, the bill of exceptions cannot now be prepared or filed in this court.

This court is powerless to afford general relief by passing upon all the questions which would have been presented to it if the bill of exceptions had been seasonably filed. This court has abundant authority to require payment of costs in a divorce case (*Reed v. Reed*, 70 Neb. 779, 98 N. W. 73) and appellee should have complied with the order.

Under the unusual circumstances and conditions confronting us for the first time in this court, so far as we have ascertained, and the appellant being, therefore, without fault on her part, deprived of her right to a hearing in this court by the failure of the appellee, we see but one thing to do, and that is, to afford the appellant such relief as is possible by allowing her decree of divorce to stand, but we hereby reverse that portion of the decree from which she has appealed, i. e., the custody of the sons and the award of $360 alimony, and remand the same to the district court for further proceedings.

REVERSED.