FLOYD ROBERT MCMASTER, APPELLEE, V. VELMA GRACE
MCMASTER, APPELLANT.

2 N. W. (2d) 326

FILED JANUARY 30, 1942.   No. 31255.

*J. Jay Marx,* for appellant.

*O. K. Perrin* and *L. R. Doyle,* contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER,
MESSMORE and YEAGER, JJ.

SIMMONS, C. J.

January 5, 1939, the plaintiff filed his petition for divorce
from the defendant on the ground of extreme cruelty and
praying for the custody of three minor children.   Defendant
by answer admitted the marriage, the birth of the children;
denied generally; and by cross-petition prayed for a divorce
on the ground of extreme cruelty, for the custody of the
children and alimony.

Trial was had and on January 14, 1941, the trial court
made findings and decreed that the plaintiff was entitled to
a divorce from the defendant; and that neither of the
parties was a proper person to have the care, custody and
control of the children; awarded their custody to the super-
intendent of the Tabitha Home; charged their support
and maintenance primarily to the plaintiff and secondarily
to the defendant; and denied defendant any relief upon

her cross-petition and awarded defendant an attorney's fee.

Defendant by motion for a new trial assailed the decree as erroneous. The motion for a new trial was overruled March 17, 1941. Defendant perfected her appeal to this court.

June 2, 1941, upon motion, this court awarded defendant $150 to cover the cost of the bill of exceptions and briefs and ordered the same paid by plaintiff within thirty days. It now appears that plaintiff failed to comply with that order. By affidavit he asserts his inability to pay the amount fixed by this court. The time for the preparation and settling of the bill of exceptions has expired.

Defendant now moves, among other things, for a decree reversing the judgment of the district court. This court was presented with a similar situation in *Bonzo v. Bonzo*, 138 Neb. 92, 292 N. W. 61. The holding there was that the wife, without fault on her part, could not be deprived of a hearing in this court by the failure or refusal of the husband to pay costs of appeal awarded the wife, and that the husband should not secure an affirmance in this court by denying the wife the means to enable her to present her appeal.

Where a wife is appellant and a husband, as appellee in a divorce case, is ordered by this court to pay certain costs for expenditures necessary and incident to the wife's appeal and the husband fails to comply with this court's order and thereby denies the wife the means of securing and prevents a review of the findings and decree of the trial court, that decree will be reversed as to the part from which the wife appeals and the cause will be remanded to the district court for further proceedings.

The decree of the district court is reversed and the cause remanded.

REVERSED.