RICHARD LEON BRYANT, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

45 N. W. 2d 169

Filed December 27, 1950.  No. 32897.

*H. J. Pinkett,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, *Walter E. Nolte,* and *Clarence A. H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Plaintiff in error was charged with the crime of first degree murder and was convicted of murder in the second degree. The sentence imposed was the minimum permitted for that crime. The record of his conviction and sentence is presented for review.

His motion for new trial was denied and judgment was rendered and entered on June 10, 1950. Promptly thereafter a transcript of the evidence was ordered by counsel for the accused and a promise of payment of the expense "in a few days" was made by him to the reporter. The amount required to pay the expense of

preparing the transcript was furnished by the accused to his counsel, but no payment was made the reporter until October 29, 1950. The transcript was completed and delivery to the counsel for defendant tendered by the reporter on September 8, 1950. Plaintiff in error knew his attorney had not paid the reporter for and had not secured delivery of the transcript. He learned this by repeated personal calls on the reporter and also by telephone inquiry. The draft of the bill of exceptions was not at any time served upon the State or anyone representing it. The petition in error was filed July 8, 1950. The last day on which service thereof could have been made was October 6, 1950, and it could not have been allowed and settled after October 26, 1950, except by an extension of time therefor granted by action of this court. § 24-342, R. S. Supp., 1949; § 25-1140, et seq., R. R. S. 1943; Scotts Bluff County v. McHenry, 128 Neb. 613, 259 N. W. 754; Bonzo v. Bonzo, 138 Neb. 92, 292 N. W. 61.

The draft of the bill of exceptions was available to the defendant and his counsel on September 8, 1950. It was delivered to and received by counsel for the defendant on October 29, 1950. No attempt was made for more than a month thereafter to secure consideration by this court of an application for an extension of time. A motion was made on November 30, 1950, by plaintiff in error for an order "extending the time for the preparation of the Bill of Exceptions * * * until December 15, 1950." This court is authorized to grant an extension of time for settlement and allowance of a bill of exceptions, but only "upon application and showing of good cause therefor." § 25-1140.07, R. R. S. 1943. A situation justifying the intervention of this court by virtue of that provision must be one beyond the capacity and power of the applicant to have prevented. The showing made in support of the motion for an extension of time does not show a situation of that character. The good cause required as a prerequisite of a further grant of

time by this court means the intervention of something beyond control of the litigant. Negligence or the absence of diligence or alertness of the litigant or his counsel is not within the meaning of the law unavoidable casualty or misfortune. Shipley v. McNeel, 149 Neb. 793, 32 N. W. 2d 636; Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197. The application of defendant for a grant by this court for additional time to serve and settle a bill of exceptions was, because of what has been said herein, properly denied before the final submission of the case.

The assignments of error are: (1) That plaintiff in error was deprived of aid of counsel and the benefit of due process of law because the counsel who appeared for him in the trial was suffering from a disabling physical condition and was thereby rendered incapable of conducting a defense for defendant; (2) that it was prejudicial error for the court not to declare a mistrial because of the illness of the attorney for the defendant and his misconduct during the trial; and (3) that a denial of the motion of the defendant for a new trial was error. The first two assignments of error are not referred to in the motion of plaintiff in error for a new trial. It is mandatory that alleged errors occurring in the trial of a criminal case must be pointed out to the trial court in a motion for new trial and a ruling obtained thereon as a prerequisite to a review of them in this court. Luster v. State, 142 Neb. 253, 5 N. W. 2d 705; Fisher v. State, ante p. 226, 43 N. W. 2d 600. A review of any of the alleged errors would require an examination and consideration of evidence produced at the trial and the record of the trial made in the district court. There is no bill of exceptions. In the absence of a bill of exceptions there is no question of fact determined by the district court for review in this court, and no question will be considered here, a determination of which necessitates an examination of evidence produced in the trial court. Darlington v. State, ante p. 274,

44 N. W. 2d 468; Wabel v. Ross, *ante* p. 236, 44 N. W. 2d 312.

When the record shows such a situation, it is presumed that any issue of fact which it was proper for the trial court to consider and decide was sustained by evidence and was correctly determined, and the judgment will be affirmed if the pleadings state a cause of action or a defense and support the judgment rendered. McQueen v. Jones, 150 Neb. 853, 36 N. W. 2d 271; Wabel v. Ross, *supra*. All presumptions exist in favor of the regularity and correctness of the judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record. Darlington v. State, *supra*.

The information or indictment and the plea of not guilty are the pleadings and formulate the issue in a criminal case. Bundy v. State, 114 Neb. 121, 206 N. W. 21; Fetty v. State, 118 Neb. 169, 223 N. W. 955. The information upon which the defendant was convicted asserts that about January 8, 1949, defendant in Douglas County, Nebraska, feloniously, purposely, and with deliberate and premeditated malice, shot Robert Yourell with an automatic pistol, thereby caused his death, and thus committed murder in the first degree. The information was sufficient to charge defendant with the crime of first degree murder. Nichols v. State, 109 Neb. 335, 191 N. W. 333; Veneziano v. State, 139 Neb. 526, 297 N. W. 920. The crime of murder in the second degree was included in the charge of murder in the first degree. The information supports the judgment rendered in this case. Moore v. State, 148 Neb. 747, 29 N. W. 2d 366.

The judgment of the district court must be, and it is, affirmed.

AFFIRMED.