HOWARD DULANEY MITCHELL, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.
68 N. W. 2d 184
Filed January 21, 1955. No. 33664.

*Howard Dulaney Mitchell,* pro se.

*Clarence S. Beck,* Attorney General, and *Robert V. Hoagland,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Plaintiff in error pleaded guilty to three charges of obtaining money and property by false pretenses and admitted facts sufficient to establish that he was an habitual criminal within the meaning of the law of Nebraska. He was June 22, 1951, adjudged to be confined in the Nebraska State Penitentiary. He has since shortly thereafter been detained therein in service of the sentence imposed upon him.

Plaintiff in error filed a petition for a writ of error coram nobis in the district court November 25, 1952. The ground asserted by him for avoiding the judgment of conviction and sentence was the violation of his constitutional rights through failure, without his competent waiver or default, to have effective assistance of counsel in the case in which he was charged, convicted, and sentenced. The defendant in error by answer joined issue with the plaintiff in error. A trial was had and the district court denied and dismissed the petition of plaintiff in error.

The substance of the contentions made by plaintiff in error in this court is that the attorneys employed to represent him in the criminal case did not faithfully, competently, and effectively assist him; that the Sixth Amendment to the Constitution of the United States guarantees to the defendant in a criminal case the effective assistance of counsel; that plaintiff in error was disabled to the degree that he was unable to understand the nature or effect of the proceedings had at the time he acknowledged guilt of the charges made against him by the State; and that the decision and judgment are contrary to the evidence. A determination of any of these contentions would require an examination of the evidence produced at the trial in the district court. A sufficient application for a writ of error coram nobis inherently presents a question of fact. Coram nobis was available at common law to correct an error of fact. If a judgment was erroneous in a matter of fact only it

could be reversed in the same court by a writ of error coram nobis. This is recognized by this court. In Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561, it is said: "The purpose of a writ of error coram nobis is to enable the court to recall some adjudication, made while some fact existed which, if before the court, would have prevented rendition of the judgment, and which, through no fault of the party, was not presented." See, also, United States v. Morgan, 346 U. S. 502, 74 S. Ct. 247, 98 L. Ed. 477.

A review of any of the alleged errors would require a consideration of evidence produced at the trial. There is no bill of exceptions. In the absence of a bill of exceptions any question of fact determined by the district court may not be reviewed in this court, and no question will be considered, a determination of which necessitates an examination of the evidence produced in the trial court. When the record shows such a situation, it is presumed that any issue of fact which it was proper for the trial court to consider and decide was sustained by evidence and was correctly determined, and the judgment will be affirmed if the pleadings state a cause of action or a defense and support the judgment rendered. All presumptions exist in favor of the regularity and correctness of the judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record in the manner provided by law. Bryant v. State, 153 Neb. 490, 45 N. W. 2d 169; Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213; Taylor v State, *ante* p. 210, 66 N. W. 2d 514. The answer of defendant in error states a defense and supports the judgment in this case.

The judgment of the district court should be and it is affirmed.

AFFIRMED.