STATE OF NEBRASKA, APPELLEE, v. JERRY MUGGINS, APPELLANT.

222 N. W. 2d 289

Filed October 10, 1974. No. 39368.

Zane M. Pic, for appellant.

Clarence A. H. Meyer, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

The appellant, Jerry Muggins, pleaded guilty on September 26, 1973, in the county court of Scotts Bluff County, Nebraska, to the charge of driving while intoxicated and on that date was placed on probation. Among the conditions of probation imposed by the county judge were provisions requiring appellant to attend the Alcohol Safety Action Program, sometimes referred to as the Alcohol Abuse Course, and also to pay the fee for the course in the sum of $100. Appellant was also ordered to pay a fine of $100 and the court costs. He appealed from the order of probation to the District Court, which court found that his appeal was without merit, dismissed the appeal, and affirmed the proceedings in the county court. Appellant's motion for a new trial was overruled and he thereafter perfected his appeal to this court. In his brief on appeal, he assigns five errors which we summarize as

follows: (1) The court erred in not deciding that a sentencing court has no inherent power to grant probation, but only has that probationary power conferred by statute; (2) the court erred in not deciding that the $100 cost of the Alcohol Safety Action Program was penal in nature in the absence of any showing that the cost of such program was incurred by anyone, and further that the cost was ascertainable, susceptible of proof, and reasonably related to the rehabilitation of the offender; (3) the court erred in not deciding there must be "notice" and hearing afforded to the offender to determine whether he had the ability to pay; (4) that the sentencing court was without power to impose the $100 penalty, which was tantamount to a fine, and even if it had, the money must be distributed to the schools in Scotts Bluff County rather than to the Alcohol Safety Action Program under Article VII, section 5, Constitution of Nebraska; and (5) the court erred by not ruling that the portion of sections 39-727, 39-727.21, and 39-727.22, R. S. Supp., 1973, providing alternative penalties for first offense driving while intoxicated is unconstitutional as working a denial of equal protection under the Fourteenth Amendment to the United States Constitution.

The bill of exceptions filed in this appeal consists only of the order of probation entered in the county court by the judge thereof at the time of sentencing. There is no evidence contained therein of any nature, and specifically with regard to the Alcohol Safety Action Program, whether or not in this case such program, if any, was certified, nor any evidence with reference to how the fee charged for the program was computed, or the money distributed. Nor is there any evidence in the record that any issue of constitutionality was raised in either the county or District Courts. Moreover, in his motion for new trial, appellant alleged only that there is new authority for the proposition that there

is no inherent power to impose conditions of probation and that the power is a statutory power only. In view of the state of the record, therefore, it is clear that we may only consider on this appeal assignment of error No. (1). State v. Haile, 185 Neb. 421, 176 N. W. 2d 232 (1970); Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853 (1960); State v. Seger, 191 Neb. 760, 217 N. W. 2d 828 (1974); State v. Griger, 190 Neb. 405, 208 N. W. 2d 672 (1973); Mitchell v. State, 159 Neb. 638, 68 N. W. 2d 184 (1955); State v. Schwade, 177 Neb. 844, 131 N. W. 2d 421 (1964).

It is clear, of course, that a sentencing court in prescribing probation may impose any conditions of probation that it is authorized by statute to impose. State v. Nuss, 190 Neb. 755, 212 N. W. 2d 565 (1973). As a consequence, this court will disturb an order of probation only where it appears from the record that in executing such order the sentencing court imposed a condition or conditions of probation which it was not authorized by statute to impose. The order of probation in this case indicates that the conditions of appellant's probation were imposed upon him pursuant to section 29-2262, R. S. Supp., 1972. That section, so far as material, provides among other things: "(1) When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life. (2) The court, as a condition of its sentence, may require the offender: * * * (e) To pursue a prescribed secular course of study or vocational training; * * * (l) To pay a fine in one or more payments, as ordered; or (m) *To satisfy any other conditions reasonably related to the rehabilitation of the offender.*" (Emphasis supplied.)

Another statute, which should be considered, is section 39-727.22, R. S. Supp., 1973, now appearing as section 39-669.32, R. R. S. 1943 (Reissue of 1974). That statute

provides as follows: "If any county or municipality having jurisdiction of such offenses shall any time after April 21, 1973 develop a certified program of probation as provided for in section 39-669.31 and shall have conducted such program either before or after certification for a period of at least ninety days, then so long as the program remains certified the court within such county or municipality having jurisdiction over offenses covered by sections 39-669.07, 39-669.31, and 39-669.32 *may waive the requirement that persons placed on probation shall not drive any motor vehicle for any purpose for a period of thirty days from the date of the order as provided for in section 39-669.07.*" (Emphasis supplied.)

There is certainly nothing in the nature of a course of study described as an "Alcohol Abuse Course," or in the record of this case, that would cause us to conclude that a condition of probation requiring a probationer convicted of driving while intoxicated to undertake and complete such a course would not be a proper condition of probation under the foregoing statutes specifying proper terms and conditions of probation. On its face, it seems that the Alcohol Abuse Course prescribed herein might reasonably be regarded as a proper condition of probation as being either "a secular course of study" or as being reasonably related to the rehabilitation of the offender. Black's Law Dictionary (4th Ed.), defines "secular" as "Not spiritual; not ecclesiastical; relating to affairs of the present world." Section 39-669.31, R. R. S. 1943 (Reissue of 1974), requires such program to comply with the ASAP Program of the National Highway Traffic Safety Administration. It is obvious that the program referred to in that section is clearly "secular" under the foregoing definition as "relating to affairs of the present world." In addition the program is clearly "reasonably related to the rehabilitation of the offender." The word "rehabilitation" is defined in Webster's Third New Inter-

national Dictionary as (a) the reestablishment of the reputation or standing of a person; (b) the physical restoration of a sick or disabled person by therapeutic measures and reeducation to participation in the activities of a normal life within the limitations of his physical disability; (c) the process of restoring an individual (as a convict, mental patient or disaster victim) to a useful and constructive place in society through some form of vocational, correctional, or therapeutic retraining or through relief, financial aid, or other reconstructive measure.

The Alcohol Safety Action Program apparently represents an effort by the state and the national government to reduce drunken driving offenses through the medium of education. Such being the case, we cannot say that the sentencing court was without power to prescribe the Alcohol Abuse Course as a condition of probation. It follows, therefore, that if the Alcohol Abuse Course itself may be regarded as a proper condition of probation then it would seem that the $100 fee taxed to finance the costs of that course would also on its face be a proper condition of probation as being reasonably related to the rehabilitation of the offender. As previously stated, there is nothing in the record to indicate that the actual cost of the course was less than the amount of the fee charged therefore, and we must assume that the $100 fee charged was not excessive in amount so as to constitute an improper condition of probation.

Appellant also argues that the Alcohol Abuse Course is not a condition of probation which could be properly imposed by the county court because the course was not "certified" within the meaning of section 39-669.32, R. R. S. 1943 (Reissue of 1974). Although there is nothing in the record which would indicate whether or not the course was or was not "certified," and we are not required to speculate on this fact, nevertheless

we add in passing that we believe appellant misunderstands the significance of that section. It is clear from a reading of the statute that where a program of probation is not certified as provided for in the foregoing section, the only effect thereof is to compel the sentencing judge to order the offender not to drive a motor vehicle for a period of 30 days under section 39-727, R. S. Supp., 1973, now section 39-669.07, R. R. S. 1943 (Reissue of 1974), rather than permitting a waiver of this requirement by the court. Such lack of certification would in itself have no effect upon the power of the sentencing court to formalize an otherwise proper program of probation. In the absence of a record we are unable to say that the $100 fee condition was unreasonable, nor that the amount thereof was or would be onerous to this appellant.

. We conclude, therefore, that the conditions of probation imposed by the county court of Scotts Bluff County were entirely proper, and the judgment of the District Court in upholding the county court in that regard, must be affirmed.

AFFIRMED.