Douglas E. MOORE, Appellant,

v.

UNITED STATES, Appellee.

No. 11192.

District of Columbia Court of Appeals.

Argued Oct. 18, 1977.

Decided May 15, 1978.

Rehearing and Rehearing en Banc
Denied Aug. 17, 1978.

William A. Borders, Jr., Washington, D. C., for appellant.

Steven D. Gordon, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and D. Michael Stroud, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and YEAGLEY, Associate Judges.

PER CURIAM:

Appellant was convicted of a single count of assault (D.C.Code 1973, § 22–504) and sentenced to pay a fine of $500 and to a term of six months' imprisonment. The imprisonment was suspended and appellant was placed on probation for two years. As a condition of probation, appellant was ordered to undergo a mental examination and, if the examination indicated a need for psychiatric or psychological treatment, to submit himself to such treatment.

The evidence at trial showed that on September 30, 1975, appellant and two female companions left his office in the District Building for a lunch date. Upon reaching the City Council parking lot, they found a tow truck blocking the exit. When the driver returned to move the truck, an altercation broke out between him and appellant. The government's theory was that appellant provoked the fight by punching the truck driver in the face. Appellant testified that he acted in self-defense. He claimed that his actions were motivated by

the belief that the driver was an assassin and that this belief was reasonable under the circumstances. The two women who accompanied appellant on the day of the incident testified on his behalf. The court properly instructed the jury on the law as to self-defense, but the jury found otherwise.

During cross-examination, appellant stated that threats had been made on his life on a number of occasions and that he had a tape recording of one such threat. When the prosecutor inquired as to the tape's whereabouts, appellant stated that it was in "the possession of some other people in the city." The prosecutor betrayed his disbelief by responding: "I see. Some other people." The next day the tape was produced in court and defense counsel requested that it be played for the jury. This request was denied on the grounds that the tape was collateral to the issues at trial and that its consideration would be time consuming. The exclusion was not based on the fact it was a recording. The court also excluded testimony by a defense witness that she had left defendant's employ because of threats on her life and on his life. Appellant claims that the trial court's rulings were erroneous. We disagree.

In a case where entrapment was the defense to a charge of destroying government property, testimony that the government witness had previously urged other persons to blow up the same public property was excluded by the trial court because its slight probative value was outweighed by its propensity to confuse the jury and unnecessarily prolong the trial by introducing collateral issues. In affirming the conviction, the Second Circuit said:

A trial judge has discretion to exclude evidence which is only slightly probative if its introduction would confuse and mislead the jury by focusing its attention on collateral issues and if it would unnecessarily delay the trial. [*United States v. Bowe*, 360 F.2d 1, 15 (2d Cir.), *cert. denied*, 385 U.S. 961, 87 S.Ct. 401, 17 L.Ed.2d 306 (1966).]

*See also* McCormick on Evidence § 185 at 438, 439 (2d ed. 1972); *United States v. Kahn*, 472 F.2d 272 (2d Cir.), *cert. denied*, 411 U.S. 982, 93 S.Ct. 2270, 36 L.Ed.2d 958 (1973).

We find that the same situation exists here. The testimony of the former employee and the evidence on the tape related to a collateral issue, might confuse the jury, and were of slight probative value. The tape was not a recording of a threat made by the tow truck driver and could only have established that appellant had testified truthfully when he told of the tape's existence and that on some past occasion a threat had been made on his life. The process of determining its admissibility, on the other hand, would have consumed a considerable amount of time. We conclude that the trial judge did not err in excluding it [1] as collateral to the issues and time consuming.[2]

Appellant also attacks the condition of probation that he undergo a mental examination and, if necessary, submit to psychiatric or psychological treatment. The relevant Code section provides in pertinent part:

In criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, for such

---

1. Sound recordings are an acceptable form of evidence, providing a proper foundation is first established for their admission. *See* Annot., 58 A.L.R.2d 1024, 1032 (1958). In this jurisdiction it has been held that the testimony of the operator of a recording device as to its operation, his method of operating it, the accuracy of the recordings, and the identities of the persons speaking laid a sufficient foundation of the admissions of recordings of conversations of the defendants in a bribery prosecution. *Monroe*

*v. United States*, 98 U.S.App.D.C. 228, 234 F.2d 249, *cert. denied*, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956). The record does not reflect that appellant was prepared to make the requisite showing at the time he proffered the tape.

2. Appellant claims that a new trial is mandated on other grounds. We have considered each of his contentions and find them to be without merit.

time and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interests of the public and of the defendant would be served thereby. [D.C.Code 1973, § 16–710.]

This is substantially the same as the federal provision regarding offenses against the United States. *See* 18 U.S.C. § 3651 (1970).

■ As to the use of probation by the courts in this regard, it was observed by the Supreme Court of Washington that:

Requiring the defendant to apply and be admitted for psychiatric treatment is a common condition on probation, and is generally considered reasonable when the question has come up for judicial review. *See United States v. Mercado,* 469 F.2d 1148 (2d Cir. 1972); *State v. Rahe,* 22 Ariz.App. 14, 522 P.2d 775 (1974); *People v. McDonald,* 52 Ill.App.2d 298, 202 N.E.2d 100 (1964); *State v. Muggins,* 192 Neb. 415, 222 N.W.2d 289 (1974); ABA Standards, Probation § 3.2(c)(v) (1970) ("Conditions may appropriately deal with . . . undergoing available medical or psychiatric treatment.") Under the federal probation statute, 18 U.S.C. § 3651 (1970), similar to Washington's in giving the court broad authority to grant probation "upon such terms and conditions as the court deems best," and in specifying conditions which relate to monetary payments, a condition that the defendant obtain psychiatric care is common. Herlands, *When and How Should a Sentencing Judge Use Probation,* 35 F.R.D. 487, 499 (1964). [*State v. Osborn,* 87 Wash.2d 161, 165, 550 P.2d 513, 517 (1976) (en banc).]

Judicial discretion in formulating terms and conditions of probation is, however, limited by the requirement that the conditions be reasonably related to the rehabilitation of the convicted person and the protection of the public. *See United States v. Pastore,* 537 F.2d 675, 679–83 (2d Cir. 1976); *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975) (en banc); *Porth v. Templar,* 453 F.2d 330, 333–34 (10th Cir. 1971).

In this case, the presentence report, which the trial judge at sentencing expressly stated he had read and carefully considered, depicts appellant as a well-educated professional with a close-knit family who has achieved both recognition and significant government responsibility from the community. Yet, the presentence report also details incidents occurring both before and after the assault for which appellant was convicted, that when considered all together, reflect out-of-the-ordinary behavior for a person of appellant's background and achievements. Indeed, the probation officer preparing the report suggested that a psychiatric examination would be helpful in determining whether there were problems in the area of appellant's self-control. Given the contents of the presentence report and the broad discretion concerning imposition of probation the statute confers upon the sentencing court and the concomitant limit on review by this court of sentencing, we cannot say the terms of probation imposed here are unlawful. *See Basile v. United States,* D.C.Mun.App., 38 A.2d 620 (1944).

*Affirmed.*