**Laney COLTER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12634.**

District of Columbia Court of Appeals.

Argued June 7, 1978.

Decided Oct. 11, 1978.

---

Stanley B. Cohen, Washington, D. C., appointed by this court, with whom Wayne Coy, Jr., Washington, D. C., was on briefs, for appellant.

John P. Hume, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Edward C. McGuire, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

KELLY, Associate Judge:

This appeal questions the procedure by which appellant's probation was revoked after he was arrested for robbery. D.C.Code 1973, § 22–2901. At the time of his arrest, appellant was on a five year conditional probation following a conviction of sodomy. D.C.Code 1973, § 22–3502. The conditions of probation were that appellant obtain employment, that he enter an alcoholic treatment program, and that he obey other general terms of probation. Appellant alleges that revocation was improper because he had no prior notice of the alleged violations to be relied upon by the government in seeking revocation, counsel having received the probation department's report only after he arrived in the courtroom. We agree and therefore vacate the trial court's order revoking appellant's probation.[1]

Appellant was arrested on the robbery charge on August 1, 1977. At his presentment the following morning, appellant was ordered held without bail pursuant to D.C. Code 1973, § 23–1322(e).[2]

At an ensuing "probable cause" hearing held on August 8, 1977, testimony was taken not only from the arresting police officer about the robbery offense, but also from both appellant and his probation officer about alleged violations of probation. In the latter instance, the testimony was conflicting. The trial judge held appellant for the action of the grand jury and revoked his probation, as well, for the stated reasons

---

1. Appellant also contends that the trial court erred in not holding two separate hearings (an initial probable cause hearing and a final hearing) as mandated by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Since we find error on notice grounds, we do not discuss this second issue.

2. D.C.Code 1973, § 23–1322(e) provides:

    The judicial officer may detain for a period not to exceed five calendar days a person who comes before him for a bail determination charged with any offense, if it appears that such person is presently on probation, parole, or mandatory release pending completion of sentence for any offense under State or Federal law and that such person may flee or pose a danger to any other person or the community if released. During the five-day period, the United States attorney or the Corporation Counsel for the District of Columbia shall notify the appropriate State or Federal probation or parole officials. If such officials fail or decline to take the person into custody during such period, the person shall be treated in accordance with section 23–1321, unless he is subject to detention under this section. If the person is subsequently convicted of the offense charged, he shall receive credit toward service of sentence for the time he was detained pursuant to this subsection.

that appellant had not obtained employment and had not entered into and participated in an alcoholic treatment program acceptable to the probation department. The court disclaimed any reliance on the robbery arrest or another prior arrest during the probationary period in deciding to revoke probation. It said:

> The Court is mindful of the Chief Judge's opinion in *U. S.* versus *Peters* which has become a standard for Judges ruling upon a combination of probable cause and an interim probation hearing. However, the *Peters* decision so far as governing the action of the trial judge is concerned involves the issue of the arrest.
>
> This Court has made findings that there exist violations of the conditions of probation and does not consider, need not consider, the arrest in either case for the action the Court now takes.
>
> The Court concludes that the defendant has violated the conditions of his probation imposed March 3, 1977, and, accordingly, his probation in that case is revoked and the execution of that sentence will be imposed.

■ As a threshold matter, the government contends that because appellant failed to object below to the hearing procedure, he is precluded from raising any such claims on appeal. We disagree. In proceeding at the hearing, counsel was under the impression that, in the court's words, "an interim probation hearing" was in process and it was not until the end that the court made it known that it was conducting a final revocation hearing. Under these circumstances, no due process rights were waived.

■ The "five-day hold" pursuant to D.C. Code 1973, § 23–1322(e) was, at best, sufficient to put appellant and his counsel on notice that a probation revocation hearing would take place within the following five-day period. However, the record fails to show that appellant was apprised of when the revocation hearing would take place or of the specific grounds upon which the government intended to seek revocation. In fact, appellant and counsel first received such notice when they arrived in court for a preliminary hearing on the robbery charge. At that time, counsel was handed a copy of appellant's probation report by the prosecutor.

The transcript reflects that the hearing began as follows:

> THE COURT: You may proceed, gentlemen. This matter is before the Court on a five-day hold.
>
> The Government may call its first witness.
>
> THE PROSECUTOR: Yes, Your Honor. Preliminarily before calling the probation officer, I believe defense counsel has had an opportunity to review the probation report, and I would inquire at this juncture if he would accept a proffer that the probation officer who is here in court will testify substantially as the report has indicated, and if so, then I will call the police officer in this case, Your Honor.
>
> THE COURT: Mr. [Defense Counsel]?
>
> DEFENSE COUNSEL: Well, Your Honor, I just had the opportunity to look at the probation report a minute after I walked into the courtroom.
>
> I see the technical violations which are listed in the report; however, the technical violations mentions specifically an alcoholic treatment program and that the defendant did in fact go and see his probation officer and he also went over to the alcoholic treatment program in Area D. However, apparently, the defendant has not continued that Area D treatment according to the report.
>
> With that, I naturally would have to have an opportunity to specifically find out from that probation officer what—
>
> THE COURT: Take the stand, Mr. Sessoms, please.

In light of counsel's statement, the trial court called the probation officer to the stand. The officer's testimony provided the first disclosure to appellant of the evidence which was to be presented against him by the government to establish violations of the conditions of his probation.

In *Morrissey v. Brewer,* 408 U.S. 471, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1972), the Supreme Court set forth certain minimum procedural requirements for parole revocation hearings which were held to be mandated by the due process clause of the Constitution. The following year the Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), held that for due process purposes there is no difference between probation revocation and parole revocation. The Court went on to say that the procedural requirements for revocation of parole previously established in *Morrissey v. Brewer, supra,* are equally applicable to probation revocation proceedings. *Gagnon v. Scarpelli, supra* at 782–86, 93 S.Ct. 1756.

The *Gagnon* Court listed the "minimum requirements of due process" in a probation or parole revocation hearing as follows:

> "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." [*Gagnon v. Scarpelli, supra* at 786, 93 S.Ct. at 1762, quoting *Morrissey v. Brewer, supra* 408 U.S. at 489, 86 S.Ct. 1602.]

*Accord, Clark v. Wyrick,* 538 F.2d 1327, 1329 (8th Cir. 1976), *cert. denied,* 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 778 (1977); *Kartman v. Parratt,* 535 F.2d 450, 456–57 (8th Cir. 1976). These standards have been adopted by the Superior Court in *United States v. Peters,* 103 Wash.D.L.Rep. 2217 (December 31, 1975), an opinion which was later cited with approval by this court in *In re A. W.,* D.C.App., 353 A.2d 686 (1976).[3]

Advance notice of the time, place, and purpose of a final revocation hearing must be given in writing. *United States v. Pattman,* 535 F.2d 1062, 1063 (8th Cir. 1976) (per curiam); *see Gagnon v. Scarpelli, supra* 411 U.S. at 786, 93 S.Ct. 1756. We add, however, that a revocation hearing need not be as rigid or formal as a criminal trial with respect to notice or specification of charges. *United States v. Evers,* 534 F.2d 1186, 1188 (5th Cir.), *cert. denied,* 429 U.S. 1024, 97 S.Ct. 644, 50 L.Ed.2d 626 (1976). The key factor is the fairness of the proceedings. *Id.,* citing *Burns v. United States,* 287 U.S. 216, 221, 53 S.Ct. 92, 77 L.Ed. 511 (1932).

■ On the record of this case, we conclude that minimum procedural safeguards required in a probation revocation context were not afforded appellant. Appellant received no advance notice of the claimed violations, and therefore had no opportunity to discover evidence which would be presented against him. Consequently, his ability to present his own witnesses and confront and cross-examine adverse witnesses at the hearing was severely hampered. *Cf. Gagnon v. Scarpelli, supra* 411 U.S. at 786, 93 S.Ct. 1756. In light of these infringements upon appellant's due process rights, we vacate the trial court's order revoking his probation, and remand for further proceedings consistent with this opinion.

*So ordered.*

---

**3.** The *Peters* opinion, citing *Morrissey v. Brewer, supra* 408 U.S. at 487–89, 86 S.Ct. 1602, reiterates the minimum notice requirements which must be afforded a probationer before his probation can properly be revoked. The probationer must have been given written notice both of the hearing and the alleged violations. In addition, he must be apprised of whatever evidence is to be introduced against him. *See In re A. W., supra* at 691 (appendix).