REQUESTED BY: Dear Senator Merz:
This is in reply to your inquiry concerning the constitutionality of the provisions of LB 651 which would give a trial judge discretionary authority to require a person convicted of DWI to attend and pay for an alcohol treatment program.
The proposed amendment to section 39-669.07, which is the statute providing a crime and penalties for driving while intoxicated, specifically provides:
 "At the discretion of the court, any person convicted of violating this section or violating any city or village ordinance adopted in conformance with this section, may be required to attend, at the convicted person's expense, an alcoholism treatment program. . . ."
The remainder of the amendment provides the standards for the treatment program.
There are no standards or guidelines which the court is required to follow in exercising his discretion and the provision does not purport to be a form of probation, but instead an alternative penalty. For example, this would give the court the discretion to sentence one person found guilty of first offense DWI to a small fine and to sentence another to attend, at his expense, an alcohol treatment program as described. We have found no authority which would indicate any constitutional problem with such alternatives provided a court does not abuse its discretion in using this type of punishment so that it could be said that it was cruel and unusual within the prohibition of the United States Constitution.
This could easily be avoided by a requirement of a finding by the court before passing such a sentence, based upon a presentence investigation or other reliable evidence, that the defendant had an alcohol problem.
You have also asked for any other suggestions we may have in regard to this bill.
In State v. Muggins, 192 Neb. 415, the Supreme Court of Nebraska approved a condition of a sentence of probation by the County Court of Scotts Bluff County, Nebraska, that the defendant attend the alcohol safety action program and pay a fee for the course in the sum of $100. The Supreme Court did not go into the question of the constitutionality of this sentence but approved it under the statutes which authorize probation and set forth the various types of conditions that may be imposed. The court not only held that this was a proper condition of probation but held that it would be proper to tax the fee for the course as reasonably related to the condition of probation. The court did indicate that an excessive fee not related to the actual cost could amount to an improper condition.
In the light of State v. Muggins, discussed above, perhaps the safest approach would be to change the provisions giving the court discretion to make attendance at an alcohol treatment program so that it is a condition of probation, instead of as an alternate penalty as it now stands in LB 651, and after the court had made some determination, at least based upon a presentence investigation, that the defendant had an alcohol problem.