Douglas E. MOORE, Appellant,

v.

UNITED STATES, Appellee.

No. 79–1068.

District of Columbia Court of Appeals.

Argued Oct. 14, 1980.

Decided March 5, 1981.

Robert L. Bell, Washington, D.C., with whom William A. Borders, Jr., Washington, D.C., was on the briefs, for appellant.

Steven C. Tabackman, Asst. U. S. Atty., Washington, D.C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and Helen M. Bollwerk, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

A jury convicted appellant, while a member of the District of Columbia City Council, of assault, D.C.Code 1973, § 22–504. The trial court sentenced him in July 1976 to pay a fine of $500 and serve a six-month term of imprisonment but suspended execution of the jail sentence and placed him on probation for two years subject to three conditions: (1) that he be examined by the Forensic Psychiatric Service and subsequently undergo treatment if needed; (2) that he report regularly and receive counselling from his probation officer; and (3) that he not violate any other laws.

The court ordered the probation of appellant stayed during his subsequent appeal to this court with the proviso that the conditions of probation would go into effect immediately upon affirmance of the conviction. When his conviction was affirmed in May 1978, *Moore v. United States*, D.C. App., 387 A.2d 714 (1978), the clerk's office of the trial court so informed appellant by letter. A few months later appellant paid the fine that had been imposed but never contacted his probation officer to undergo the examination that had been arranged for him.

In September 1979, the trial court issued an order to show cause why appellant's probation should not be revoked and his original sentence of imprisonment imposed because of the failure on his part to meet two of the conditions of probation: (1) undergo a psychiatric examination, and (2) regularly report to and counsel with his probation officer.

The hearing on the court's order, after being postponed twice, was finally held on October 20. The only witness was appellant's probation officer. The court, after hearing this testimony and argument by counsel, concluded not to revoke appellant's probation and imprison him but rather to extend his probation for two years.[1]

D.C.Code 1973, § 24–104 provides in pertinent part:

Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or *may extend the probation, as shall seem advisable.* At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require .... [Emphasis added.]

The record in the instant case reflects that from the time the court placed appellant on probation in lieu of imprisonment until the present, appellant has not complied with two of the three conditions of such probation—either because the probation was stayed pending his two appeals[2] or no effort was made to carry out its terms.

■ Appellant vigorously argues that responsibility for the failure to carry out the terms of probation rests with court officials rather than with him. Therefore, he urges that he should not now be forced to serve two more years of probation. In this connection, we note that the Forensic Psychiatric Service, intended by Congress to aid judges of the Superior Court, *see* D.C.Code 1973, § 24–106, and designated by the court in the instant case to conduct a psychiatric examination of appellant, refused to do so. Apparently, the Service feared retaliation of some nature if it carried out the court's directive. Clearly, this refusal by the Service is at odds with the Congressional purpose in creating such an office, which purpose then Chief Judge Bazelon of the federal Circuit Court of Appeals spelled out in some detail in *Leach v. United States*, 118 U.S.App.D.C. 197, 200–01, 334 F.2d 945, 948–49 (1964).

If such a refusal were to occur again, two responses suggest themselves: the issuance of a writ in the nature of mandamus would be appropriate, 28 U.S.C. § 1651, and the governing body of the District of Columbia court system, the Joint Committee on Judicial Administration, could intervene to insure that the Forensic Service complies with its statutory mandate.

We note also that appellant's probation officer was of the opinion at one point in his testimony that the trial court had rescinded its condition of probation that required a psychiatric examination of appellant. This official held this opinion despite the court's express direction that the conditions of probation were to go into effect as soon as the judgment of conviction was affirmed. Apparently ignoring this proviso as well as the Clerk's written notice of the affirmance of appellant's conviction, the probation officer testified that he did nothing because "[w]e were waiting for instructions to advise us as to what to do and as how to proceed. We did not receive the specific instructions that we anticipated at that time."[3]

While the instances recounted above enable appellant to make a colorable claim that *he* was not responsible for his failure to meet the conditions of probation imposed by the court, a close examination of the record reflects that appellant was well aware of his responsibility under the court's

---

1. The trial court stayed the probation pending this appeal.

2. The trial court also stayed probation for a period of time between the two appeals while appellant was engaged in campaigns for public office and while his counsel was engaged in a lengthy trial in another court.

3. Since the law must be applied by those who work in and for the court system in all cases, even in those that are politically sensitive, we expect that what occurred in the instant case was a lapse from this general rule and will not be repeated.

order. It is significant that after the written notice of the affirmance of his appeal was dispatched to him he paid the fine imposed by the court as a part of his sentence. Moreover, in view of his consistent resistance to undergoing examination, we deem correct the trial court's rejection of his argument that he did not know what he was to do to meet the terms of his probation.

■ In the final analysis, however, no matter who was responsible for appellant's failure to meet these conditions of probation, the stark fact remains that appellant has not complied with the sentence imposed by the trial court. Under these circumstances, we are not persuaded the court's extension of probation was an abuse of its discretion. Accordingly, the court's order must be and is

*Affirmed.*[4]

KELLY, Associate Judge, concurring in the result:

I agree that appellant was afforded due process of law at the show cause hearing where he was ordered to serve two years of supervised probation. The procedures were fair and the court acted within its authority. *See Colter v. United States*, D.C.App., 392 A.2d 994 (1978).

Appellant had originally been placed on probation conditioned on his (1) reporting regularly to a probation officer for counseling; (2) being involved in no further violations of law; and (3) submitting to an examination by the Forensic Psychiatric Service of the court, and if recommended, undergoing psychiatric or psychological treatment.[1] The order of probation was stayed pending disposition of his appeal to this court. Appellant's conviction and sentence were affirmed. *Moore v. United States*, D.C.App., 387 A.2d 714 (1978).

The order granting appellant a stay pending appeal demonstrates that the trial court intended appellant to begin his probation immediately upon affirmance by this court. Nevertheless, despite indications that appellant failed to do so, the trial court refrained from taking action for a time out of consideration for the fact that appellant was engaged in political campaigns and to avoid inconveniencing appellant's attorney, who was engaged in a lengthy trial in the United States District Court. When, in response to an order to show cause why appellant's probation should not be revoked, a hearing was finally held on October 10, 1979,[2] the trial court found appellant had not complied with the terms of his proba-

4. Appellant's contention that he was first denied notice of a hearing and then opportunity at that hearing to present evidence on whether probation should be extended is without merit.

Sufficient notice was given to appellant in light of the court's show cause order and the postponements of the hearing on such order. The record of that hearing reveals that appellant had ample opportunity to present evidence concerning whether he had complied with the conditions of probation. He chose not to do so, but rather contented himself at such hearing with an attempt to reargue the propriety of the psychiatric examination as a condition of probation. Since this very issue had been challenged and then upheld on the appeal, the trial court correctly ruled its reargument was not material at the hearing.

1. Later, the trial judge, when advised, as he should have been, by Probation Officer James Watts that the Forensic Psychiatric Service, a part of the District of Columbia Government, was unwilling to conduct the examination and evaluation because appellant was at that time a member of the City Council, ordered that the

required examination be performed by the staff at St. Elizabeths Hospital. I am confident that had the trial judge wished to enforce the original order, he was perfectly capable of doing so without any outside assistance.

2. The court refused to grant appellant's motions for a continuance of the October 10 hearing. Recognizing that a court's rigid insistence upon expedition of the cause in the face of a justifiable request for a delay can render the right to defend an empty formality, *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), we have nevertheless held that a party seeking a continuance must make a showing a postponement is "reasonably necessary for a just determination of the cause," and the grant or denial of the motion is a matter of the trial court's discretion, not subject to reversal absent a clear abuse of discretion. *Brown v. United States*, D.C.App., 244 A.2d 487 (1968). This record demonstrates no abuse of discretion in denying a continuance. Appellant proffered no testimony relevant to the issue before the court. Moreover, a party seeking a continuance to obtain witnesses must show

tion, but decided not to reimpose the prison sentence. Instead, the period of appellant's probation was "extended" for two years from the hearing date, with the same three conditions originally imposed.[3]

Modification or revocation of probation is a matter of judicial discretion, and the trial court's discretionary decision will not be overturned unless that discretion has been abused. *Jones v. United States*, D.C.App., 401 A.3d 473 (1979). Probation statutes are broadly drawn and must necessarily lend themselves to flexibility, *Wright v. United States*, D.C.App., 315 A.2d 839 (1974), and appellant shoulders a heavy burden in attempting to convince this court to reverse.

Appellant was originally sentenced to six months of imprisonment. At that time, the trial court determined the interests of justice and the community would best be served by having appellant complete two years of probation with its attendant conditions. At the show cause hearing, the court found appellant had not yet started to comply with the requirements of his probation. I agree, therefore, that whether that failure was willful or the result of confusion, there was no abuse of discretion in the trial court's insisting that appellant finally fulfill his probation obligation.

that due diligence had been used to obtain their attendance. *O'Connor v. United States*, D.C. App., 399 A.2d 21, 28 (1979). No such showing was made here.

3. D.C. Code 1973, § 24-104, reads as follows:
Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. *At any time during the probationary term the court may modify the terms and conditions of the order* of proba-

tion, or may terminate such probation, *when in the opinion of the court the ends of justice shall require*, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; *or the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both*, as the case may be, and the time of probation shall not be taken into account to diminish the time for which he was originally sentenced. [Emphasis supplied.]