REQUESTED BY: Senator R. Wiley Remmers 1st District State Capitol Lincoln, NE 68509
Dear Senator Remmers:
This is in reply to your inquiry concerning the constitutionality of LB 504.
Said bill provides in part:
 (9) Any person convicted of violating subsection (1), (2), (3), or (8) of this section shall not be eligible for probation or suspension of sentence and shall only become eligible for parole upon the satisfactory attendance and completion of appropriate treatment and counseling on drug abuse.
The violations referred to involve manufacture, possession, and other acts relating to controlled substances and counterfeit controlled substances.
Other sections of said bill also provide that on conviction of certain other drug violations, if the offender is placed on probation, a condition of probation shall be mandatory treatment and counseling on drug abuse.
As a general rule, the Legislature has the power to fix the punishment for crime, including probation, provided it is within the U.S. constitutional prohibition against cruel and unusual punishment. See, generally 24(B) C.J.S., Criminal Law, Sections 1975 et seq.
In State v. Muggins, 192 Neb. 419, 222 N.W.2d 289
(1974), the Supreme Court of Nebraska approved an order of probation requiring the defendant, who had been convicted of driving while intoxicated, to attend the Alcohol Safety Action Program, sometimes referred to as the Alcohol Abuse Course. While the court was not considering the constitutionality of the order, it approved the same in the following language:
 There is certainly nothing in the nature of a course of study described as an `Alcohol Abuse Course,' or in the record of this case, that would cause us to conclude that a condition of probation requiring a probationer convicted of driving while intoxicated to undertake and complete such a course would not be a proper condition of probation under the foregoing statutes specifying proper terms and conditions of probation.
In State v. Nuss, 190 Neb. 755, 212 N.W.2d 565, the Supreme Court of Nebraska invalidated a condition of probation which required a defendant, who was placed on probation, to also serve 14 days in a county jail, because this condition was not authorized by statute. In doing so, the court stated: `Although the trial court's motivation was admirable, imprisonment as a condition of probation must rest on statutory authority.'
While this does not answer the question of whether the Legislature may mandate the exact course of action the court must take, it evidences a recognition by the court that it has no inherent authority to devise probationary conditions. This supports the argument that the Legislature may make such mandatory restrictions as provided in LB 504.
In the recent case of State v. Havorka, 218 Neb. 367, ___ N.W.2d ___ (1984), the Supreme Court of Nebraska construed a recent statute concerning convictions for driving under the influence of alcohol or drugs which required the court to order such person not to drive any motor vehicle for any purpose for a period of six months from the date of the order. The court held that under this statute, the trial court could not interrupt the six month period to permit the probationer to drive during part of that period and then impose the restriction on the balance of the six month period. The court based this decision on the fact that the legislative provision was clear and unambiguous but specifically declined to determine `whether the Legislature may, under any circumstance, limit a court's authority to suspend a sentence and impose probation under such conditions as it may prescribe,' because neither party had raised that issue.
Other state supreme courts have faced similar questions and have upheld the authority of the Legislature. In Statev. Sittig, 75 Wis.2d 497, 249 N.W.2d 770 (1977), the Supreme Court of Wisconsin held that a mandatory sentence statute requiring a jail sentence for a person driving while his drivers license was under suspension did not violate the doctrine of separation of powers or, in other words, was not an invasion of the authority of the judiciary.
Like Nebraska, the court had previously recognized that the determination of the punishment to be imposed for violation of crimes was within the province of the Legislature. The court stated:
 Specifically, this court is committed to the doctrine that courts have no inherent power to stay or suspend execution of a sentence in a criminal case in the absence of statutory authority. authority. . . .
 In the absence of this inherent right, a court's refusal to impose a mandatory sentence or a sentence within limits prescribed by the legislature, constitutes an abuse of discretion by the court and also the usurpation of the legislative field.
In State v. Holmes, 276 N.W.2d 823, Supreme Court of Iowa, (1979), the court stated as to a similar argument:
 Defendant asserts that statutory preclusion of probation violates separation of powers by limiting the authority of the judiciary to exercise discretion in granting or denying probation. We have held, however, that our judiciary holds no inherent power to grant probation. State v. Wright, 202 N.W.2d 72, 76 (Iowa 1972); see State v. Drake, 259 N.W.2d 862, 864 (Iowa 1977). The power to grant probation is statutorily conferred; therefore, statutory preclusion of probation cannot infringe on judicial authority to exercise discretion in the matter. Accord State v. Motley, 546 S.W.2d 435, 437 (Mo.App. 1976); State v. King, 330 A.2d 124, 128
(Me. 1974); Black v. State, 509 P.2d 941, 942-943 (Okl. Cr. 1973); State v. Morales, 51 Wis.2d 650, 187 N.W.2d 841, 843 (1971).
There are cases from other jurisdictions to the same effect.
Attached hereto is an Opinion of Attorney General No. 169 issued in 1982 concerning legislation similar to that here in question. It concludes that such legislation is constitutional.
Also enclosed is a copy of a previous Opinion from this office expressing the opinion that certain mandatory conditions as to parole were constitutional.
(PLEASE NOTE: THE TWO ABOVE NOTED OPINIONS — NO. 169 JANUARY 16, 1978 AND NO. 169 JANUARY 6, 1982 RESPECTIVELY ARE NOT INCLUDED IN THIS TEXT. REFERENCE THESE OPINIONS SEPARATELY.)
In view of the various statements of the Supreme Court of Nebraska and other courts as discussed above, although the Supreme Court of Nebraska has not specifically determined the separation of powers issue, we see no reason to retreat from our position that such mandatory requirements, being reasonably related to the crime involved, are constitutional.
Very truly yours, A. EUGENE CRUMP Deputy Attorney General Mel Kammerlohr Assistant Attorney General